```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION

HEWLETT-PACKARD COMPANY,          )
                                  )
        Plaintiff,                )
                                  )
     v.                           )  Civil No. 3-04-0779
                                  )  Judge Echols
CAPITAL CITY MICRO, INC.,         )
MARTIN MEEKS, D.E.W.              )
DISTRIBUTING CO., INC. d/b/a      )
P & E DISTRIBUTING CO. and        )
DAVID E. WELKER,                  )
                                  )
        Defendants.               )
```

## MEMORANDUM

Pending before the Court is Plaintiff Hewlett-Packard's ("HP") Motion for Entry of Judgment by Default against Defendant Capital City Micro, Inc. (CCM) on Count I and II of the Complaint (Docket Entry No. 124). By way of that Motion, HP seeks specified damages against CCM in relation to Counts I and II of HP's Complaint, as well as dismissal of Counts III and IV of the Complaint as those counts relate to CCM. CCM has not responded to the Motion.

### I. FACTUAL BACKGROUND

HP commenced this action to recover the damages that it and its predecessor-in-interest, Compaq Computer Corporation ("Compaq"), allegedly incurred as a consequence of their sales of products to CCM, a former reseller for both HP and Compaq. According to the Complaint, a contractual relationship existed with CCM, whereby CCM was authorized to resell HP and Compaq products only to "end-users," that is, persons or entities that use the products themselves and do not resell them. However, in 2001 and

1

2002, after CCM purchased products from HP and Compaq at significantly-discounted prices on the express condition that the products would be resold to the designated end-user, Defendant D.E.W. Distributing Co., Inc. d/b/a P&E Distributing Co. ("P&E") and CCM resold the items instead to computer dealers that were not end-users. HP then filed a four-count Complaint in this Court.

In Counts I and II of the Complaint, HP claims that CCM breached its contractual obligations to HP and Compaq by selling to computer dealers which were not end users. Counts III and IV allege fraud and civil conspiracy against not only CCM, but also three non-defaulting defendants, P&E, David Welker ("Welker") and Martin Meeks ("Meeks").

CCM has not answered or otherwise responded to the Complaint. Accordingly, HP requested the entry of a default against CCM which the Clerk granted on November 10, 2004 (Docket Entry No. 37). In doing so, the Clerk noted that if HP were subsequently to seek a default judgment against CCM, any such judgment would have to take into consideration the rule announced in Frow v. De La Vega, 82 U.S. 552 (1872) relating to the entry of a default judgment in multi-defendant cases.

With respect to the remaining Defendants, the record reflects that HP has compromised and settled all of its claims against Defendants P&E and its principal, Welker, and an Agreed Order of Dismissal of those claims was entered by the Court on February 17, 2006. (Docket Entry No. 123). On June 6, 2006, this Court entered an Order granting HP's request that the claims against Martin be

dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. (Docket Entry No. 127). Consequently, the only remaining claims are those against Defendant CCM.

## II. **APPLICATION OF LAW**

As indicated, HP has moved for judgment by default with respect to Counts I and II. It also requests that the claims against CCM set forth in Counts III and IV be dismissed.

Rule 41(a)(1) provides that a Plaintiff may dismiss a claim against a party before service of an answer. Rule 41(a)(2) in turn provides that an action can be dismissed at Plaintiff's instance, even after the filing of an answer, upon such terms and conditions as the Court deems appropriate. In this case, CCM has failed to answer or enter an appearance and hence voluntary dismissal of claims against it is warranted. Moreover, given CCM's failure to participate in this action, the Court finds that dismissal of Counts III and IV against it is proper.

With the conclusion that dismissal of Counts III and IV is appropriate, the rule expressed in Frow v. De La Vega, 82 U.S. 552 (1872) relating to default judgments in cases involving multiple defendants is not an issue. In Frow, the Supreme Court held that a default judgment in multiple defendant cases is inappropriate where there is the possibility of inconsistent verdicts. Unlike Frow, this is not a situation where other, non-defaulting defendants may prevail on the merits of the claim (even forgetting that the claims against the remaining Defendants have been dismissed) because Counts I and II of the Complaint are against CCM

3

only and involve contracts to which none of the other defendants are parties.

Because CCM has failed to answer or otherwise defend, the well-pleaded allegations in the Complaint are accepted as true. <u>Booneville Convalescent Center, Inc. v. Sherwood Healthcare Corp.</u>, 2004 WL 162512 *3 (S.D. Ind. 2004); <u>Kelley v. Carr</u>, 567 F.Supp. 831, 840 (W.D. Mich. 1984). In this case, the Complaint sets forth allegations indicating that CCM breached its contracts with HP and Compaq. There remains the question of damages.

Rule 55(b)(2) of the Federal Rules of Civil Procedure "states only that a court *may* conduct a hearing to determine the amount of damages." <u>Olive v. Lyttle</u>, 48 Fed. Appx. 591, 593 (7th Cir. 2001)(italics in original). "It is, of course, well settled that a court, in lieu of a hearing, may rely on detailed affidavits and documentary evidence, along with its own personal knowledge of the record." <u>Szatkowski v. Maxwell's Bar and Grill/Rid Enterprises</u>, 2006 WL 1389772 *1 (W.D.N.Y. 2006). Thus, a hearing is not necessary to establish damages where the court is "ensured that there [i]s a basis for the damages specified in the default judgment." <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)(collecting cases).

HP has presented the Affidavit of Robert Colesberry who was the Rebate Manager for HP's Big Deal Program when HP maintained the special pricing program known as the "Big Deal" Program. After HP merged with Compaq in 2002, Colesberry's job duties included

4

oversight of Compaq's special pricing program called TOSS. (Colesberry Aff. ¶¶ 2-5).

Attached to Colesberry's Affidavit are HP Claim Reconciliation Statements which he indicates are true and correct copies of computer records setting forth, on a line-by-line basis, product and pricing information for sales to resellers under the "Big Deal Program." (Id. 7). Under the "Big Deal Program," CCM obtained a "Big Deal" discount off of HP's standard reseller discount and HP's distributors passed the "Big Deal" discount to CCM on HP's behalf. (Id.) From the "Extended Rebate Amount" column on the Claim Reconciliation Statements which sets forth the amount that HP paid its distributors to reimburse the distributors for extending the "Big Deal" discounts to CCM, Colesberry indicates that the total amount of "Big Deal" discounts that HP extended to CCM was $2,935,222.00. Id.

With regard to the "TOSS" discounts that Compaq provided to CCM in 2002, Colesberry states that though computer records relating to the TOSS rebates were not found after the merger, employees obtained a record which contained a summary of rebate reports for CCM's purchases of Compaq products in 2002 for resale to P&E. (Id. ¶¶ 9-10). That report identifies the categories of products that CCM purchased from Compaq, the quantities involved per product category, and the total "TOSS" discount (identified as "Total Rebate") that Compaq provided to CCM per product category. Id. Colesberry states that the "TOSS" discounts given to CCM totaled $5,738,966.00. (Id. ¶ 11).

5

Based upon the evidence presented by HP, the Court finds that HP gave CCM $2,935,222.00 in "Big Deal" discounts to which CCM was not entitled. The Court further finds that CCM received from Compaq, HP's predecessor-in-interest, $5,738,966.00 in discounts to which CCM was not entitled. HP will be awarded those amounts.

In its Motion, HP also seeks post-judgment interest at the rate of 10% per annum. However, no basis is given for that figure and the Complaint only seeks interest "at the legal rate[.]" (Docket Entry No. 1 at 25, 204). Accordingly, HP will be awarded post-judgment interest at the prevailing federal legal rate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Default Judgment against Defendant CCM on Counts I and II of the Complaint (Docket Entry No. 124) will be granted. Judgment will be entered in favor of Plaintiff and against CCM on Count I of the Complaint in the amount of $2,935,222.00, together with annual post-judgment interest at the prevailing federal legal rate. Judgment will also be entered in favor of Plaintiff and against CCM on Count II of the Complaint in the amount of $5,738,966.00, together with annual post-judgment interest at the prevailing federal legal rate. Counts III and IV of the Complaint will be dismissed as against CCM.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE